LOMBARD, J.,
dissents.
|J respectfully dissent.
This matter, arising out a 1997 murder, was remanded for retrial in 2008. Mahler v. Kaylo, 537 F.3d 494 (5th Cir.2008). The statute at issue in this appeal, La.Rev.Stat. 14:20, outlines a number of scenarios where homicide is justified. Sections (C) and (D) specifically provide, respectively, that “a person has no duty to retreat before using deadly force” and that “[n]o finder of fact shall be permitted to consider the possibility of retreat as a factor in determining whether or not the person who used deadly force had a reasonable belief that deadly force was reasonable and apparently necessary to prevent a violent or forcible felony....”
Prior to the 2010 retrial, the State asserted (by motion in limine) that the jury would not be instructed in accordance with La.Rev.Stat. 14:20(C) and (D) because those provisions had been added to the statute by amendment in 2006 and the defendant sought a jury instruction in accordance with La.Rev.Stat. 14:20(C). The trial judge granted the State’s motion and,
in direct contravention to La.Rev.Stat. 14:20(D), instructed the jury that one of the factors to be considered in determining “whether the defendant had a reasonable belief that the killing as alleged was necessary are as follows: the possibility of avoiding the necessity of taking human life by retreat; that is by leaving the scene.... ”
|2For obvious reasons, substantive changes in the law, i.e., changes in a law governing a defendant’s conduct at the time an offense is committed, cannot be applied retroactively, but that is not an issue here. La.Rev.Stat. 14:20 does not prohibit conduct but rather provides scenarios where prohibited conduct (murder) may be justified. The state legislature has never enacted a statute imposing a duty to retreat before using deadly force and La.Rev.Stat. 14:20(0 merely clarifies the fact that no such duty exists in Louisiana. See State v. Ingram, 45,546 (La.App. 2 Cir. 6/22/11), 71 So.3d 437, 441-442 (observing statute has “recently been supplemented and clarified by the legislature.”). Likewise, La.Rev.Stat. 14:20(D) specifically addresses a jury’s consideration of self-defense evidence, it does not regulate a person’s conduct. Accordingly, as a duty to retreat has never been enacted into law, the statutory provision declaring that a jury should not be permitted to consider evidence of whether there was a possibility of retreat cannot be construed as a substantive change in the law. Therefore, it was clear error for the trial judge to grant the State’s motion in limine and to instruct the jury in direct contravention of the statute.